UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EAST BATON ROUGE SEWERAGE
COMMISSION

VERSUS

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY

CIVIL ACTION

NO.10-867-JJB

**RULING ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court has carefully considered the notice of removal, the state court petition, the record, the law applicable to this action, and the Report and Recommendation of United States Magistrate Judge Docia L. Dalby, dated May 11, 2012. (Doc. 35). Defendant filed an objection to the report (Doc. 37); upon order of this Court (*see* Docs. 38, 40), plaintiff has filed supplemental documentary evidence (Docs. 39, 41); defendant then filed a response memorandum (Doc. 42), all of which have been duly considered by the Court.

The salient issue is whether the Magistrate Judge correctly found that there was evidence in the record that establishes other parties, in addition to the defendant, have interests in the property at issue, which plaintiff seeks to expropriate to obtain one or more servitudes upon in furtherance of a sewerage construction project. The identity of these parties may destroy diversity, the jurisdictional basis upon which this Court's subject matter jurisdiction is founded.

Three documents providing evidentiary support were submitted by plaintiff. (*See* Doc. 39). Two of the documents provided a description of the chain of title

1

followed by sufficient evidentiary support regarding the Pike and Parish Parcels. (*See* Doc. 39-1 and 39-3). It is the chain of title regarding the "McPherson or Balis Parcel" that is most relevant to the decision of whether or not to remand this case. The plaintiff did attempt to submit satisfactory documentary evidence in support of the claim that James Henry Balis, a purported Louisiana citizen, has an ownership interest in the "McPherson or Balis Parcel." (*See* Doc. 39-2). Upon order, a supplemental page was filed by plaintiff as further documentary evidence and to correct a previous error in filing. (*See* Doc. 41-1). This supplement explains how an error in an earlier judgment in possession, once corrected, reflects that William L. Balis and Harriet Balis McBride were the forced heirs of the McPherson parcel. *Id.* Upon their death the sole heirs remaining were William David Balis and James Henry Balis. All documentary evidence considered provides adequate support for the assertion that James Henry Balis, a purported Louisiana citizen, has a property interest in the "McPherson or Balis Parcel."

The defendant raises three general contentions in its memorandum in response to this Court's order. (*See* Doc. 42). The first is to question the credibility of the plaintiff who has made two errors during these proceedings: one in finding late in the proceedings that there were more parties than KCS alone with an ownership interest in the disputed property, and the other in that the "second page of the McPherson deed" was not attached. *Id.* at 3. To the first purported error, the plaintiffs have made it clear that the discovery of the

additional defendants came when preparing for mediation, and that the plaintiffs moved to add the new defendants within seven days in order to avoid any delay. (*See* Doc. 22). To the second purported error, this Court did not order the plaintiff to supplement any deed. The Court ordered the supplemental filing of the second page of the chain of title description, which was erroneously omitted. This clerical error was immediately resolved by plaintiff's supplemental filing.

The final two contentions, which argue that no activity by any purported owners has taken place on the land in the last thirty years and that "none of the purported new owners have asserted any claim," both lead to the same response. Determining whether or not to remand here is not based on the merits of the ownership interest purported, but is based on the reasons this Court stated in its initial ruling on the Magistrate Judge's recommendation. (*See* Doc. 38). One of the reasons of this Court's determination is that Fed. R. Civ. P. 71.1 states "plaintiffs *must* add as defendants all those persons who have or claim an interest and whose names have become known…." (emphasis added). Whether the defendants proposed to be joined have "made a claim" in no way undermines that the new defendants do in fact *have* an interest in the property. Plaintiff is not required to show more.

Having carefully considered this matter, the Court finds that the report and recommendations of the Magistrate Judge are clearly correct, factually as well as legally. Accordingly, the Court hereby APPROVES the report and

Case 3:10-cv-00867-JJB-DLD    Document 43    07/03/12    Page 3 of 4

recommendation of the Magistrate Judge (Doc. 35) and ADOPTS it as the Court's opinion herein.

Accordingly, the motions by plaintiff to remand (Docs. 20, 22) are hereby GRANTED, and this action will be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on July 3, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**